# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Justin Smith,

                Plaintiff,

                        Case No. 1:25-cv-466-MLB

v.

William King, III,

                Defendant.

_____/

## OPINION & ORDER

Plaintiff Justin Smith sues Defendant William King following Smith's arrest for obstruction of a law enforcement officer.  (Dkt. 10.) Defendant moves to dismiss. (Dkt. 14.)  The Court grants that motion.

## I.   Background

Plaintiff owns a lot in Canton, Georgia.  (Dkt. 10 ¶ 10.)  Defendant is a law enforcement officer for the Cherokee County Marshal's Office. (*Id.* ¶ 8.)  Plaintiff and Defendant met when Defendant responded to

several complaints from Plaintiff's neighbors about Plaintiff working on the lot.  (*Id.* ¶¶ 12-16.) [1]

On February 6, 2023, Defendant responded to a complaint about Plaintiff parking his construction vehicle at the home, a zoning ordinance violation.  (*Id.* ¶¶ 22, 24.)  While trying to issue Plaintiff a citation, Defendant "demanded Smith's driver's license." (*Id.* ¶ 24.)  Plaintiff told Defendant another officer at the Marshal's office had told him it "was not an issue" for Plaintiff to park his commercial vehicle at his property.  (*Id.* ¶ 27.)  Defendant again demanded Plaintiff's identification.  (*Id.* ¶ 28.) Plaintiff went inside his house, claiming he would get his license.  (*Id.* ¶ 29.)

Defendant went to his car to get a notepad.  (*Id.* ¶ 30.)  Plaintiff came back outside and said he would not give Defendant his license "because he received conflicting information."  (*Id.* ¶ 31.)  Defendant again demanded Plaintiff's identification or Plaintiff's first and last

---

[1] While a court may consider evidence if it is "(1) central to plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged[,]" the Court does not deem necessary a review of Defendant's submitted evidence, including the body camera footage, to come to its conclusion on Defendant's motion. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).

name, which Defendant already knew.  (*Id.* ¶ 32.)  Plaintiff refused and walked back towards his front door.  (*Id.* ¶ 33.)  Defendant chased Plaintiff, arrested him, and charged him with misdemeanor obstruction. (*Id.* ¶¶ 34-35.)  Law enforcement later dismissed the charges.  (*Id* ¶ 36.)

## II.    Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 667-78 (2009).  A court may dismiss a pleading for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  At the stage of a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

## III.    Discussion

Plaintiff sued Defendant under 42 U.S.C. § 1983 for violations of his First and Fourth Amendment rights.  (Dkt. 10.)  Plaintiff also brings

state law claims of false imprisonment and attorneys' fees. (*Id.*) Defendant argues there was probable cause for Plaintiff's arrest, thus barring his § 1983 claims. (Dkt. 14-1 at 7, 18.) Defendant further argues the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (*Id.* at 24.) Plaintiff says his arrest was unlawful because Defendant was acting without a warrant and under no exigent circumstances. (Dkt. 22 at 9-10, 12, 15.) The Court agrees with Defendant.

### A.    Fourth Amendment False Arrest

A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a § 1983 claim. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). "But where probable cause supports an arrest, it acts as an 'absolute bar to a section 1983 action for false arrest.'" *Carter v. Butts Cnty., Ga.*, 821 F.3d 1310, 1319 (11th Cir. 1996).

Under Georgia law, obstruction occurs when an individual "knowingly and willfully obstructs or hinders any law enforcement officer . . . in the lawful discharge of his or her official duties." O.C.G.A. § 16-10-24(a). An individual commits this offense if—knowing an officer is conducting a lawful investigation of his or her conduct—the individual

refuses to provide the officer his or her identification. *Bailey v. State*, 190 Ga. App. 683, 683 (1989) (affirming obstruction conviction when defendant, after being stopped for reckless driving, refused officer's request for identification and instead retreated into his house). That fits here. When their interaction began, Plaintiff knew Defendant was attempting to issue him a citation. Plaintiff, in fact, pleads that Defendant explained he wanted Plaintiff's driver's license "so he could issue him a zoning citation for his construction vehicle being parked at the home." (Dkt. 10 ¶ 24.) He also pleads Defendant had previously issued him "several citations." (*Id.* ¶ 17.) Plaintiff, however, refused to provide his identification after telling Defendant he would. (*Id.* ¶¶ 29, 31.) When Defendant again asked Plaintiff for his license, or his first and last name, Plaintiff refused. (*Id.* ¶ 32.)

Issuing a citation for an ordinance violation certainly falls under "the lawful discharge of [Defendant's] official duties" as a law enforcement officer for Cherokee County Marshal's Office. So, at the moment Plaintiff refused to provide his identifying information, Defendant had probable cause to believe Plaintiff was hindering Defendant from issuing a citation for Plaintiff's ordinance violation. *See*

*Draper v. Reynolds*, 369 F.3d 1270, 1276-77 (11th Cir. 2004) ("By repeatedly refusing to comply with Reynolds's reasonable instructions [to provide documents] and by acting belligerently and confrontationally, Draper hindered Reynolds in completing the traffic stop"), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).   That Defendant allegedly knew Plaintiff's name from prior interactions did not preclude Defendant from confirming Plaintiff's legal name when issuing the citation.   Because there was probable cause for Defendant to arrest Plaintiff, Plaintiff's false arrest claim fails as a matter of law.

Plaintiff disputes this, arguing that, because their exchange was a "knock-and-talk," he was permitted to refuse to answer Defendant's questions and his refusal to do so cannot serve as a basis for an obstruction charge. (Dkt. 22 at 11-13.)[2]   Not so.  As discussed above,

---

[2] "Knock-and-talk" questioning is a narrow exception to the Fourth Amendment, which normally requires a warrant before law enforcement officers may arrest an individual at his or her residence.   "Under the 'knock-and-talk' exception, a police officer may approach a home and knock, precisely because that is no more than any private citizen may do." *United States v. Walker*, 799 F.3d 1361, 1363 (11th Cir. 2015). When an individual chooses to engage in a "knock-and-talk," he or she "may refuse to answer any question at any time." *Kentucky v. King*, 563 U.S. 452, 470 (2011).

Defendant had probable cause to believe Plaintiff committed an ordinance violation, which constitutes a crime under O.C.G.A. § 15-10-60(a). *See also Baxter v. Roberts*¸ 54 F.4th 1241, 1256 (11th Cir. 2022) ("Even minor traffic violations qualify as criminal activity."). He was thus authorized to detain Plaintiff. *See Brienza v. City of Peachtree City, Ga.,* 2022 WL 3841095, at *6 (11th Cir. Aug. 30, 2022)[3]. As explained, Plaintiff alleges Defendant came to the door "so he could issue him a zoning citation." (Dkt. 10 ¶ 17.) Thus, by Plaintiff's own assertion, Defendant did not knock and request to speak with Plaintiff in some investigatory stop, simply asking questions a private citizen might ask. Plaintiff's refusal to answer questions about his name or produce his identification established probable cause for an obstruction charge.

Accepting Plaintiff's allegations as true, Plaintiff does not state a claim for false arrest under § 1983 because Defendant had probable cause to arrest him for obstruction.

---

[3] The Court recognizes *Brienza v. City of Peachtree City, Ga.* is unpublished and not binding. The Court cites it and other unpublished decisions nevertheless as instructive. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

**B.    First Amendment Retaliation under § 1983**

"To state a claim for First Amendment retaliation under § 1983, a plaintiff generally must plead (1) that the plaintiff engaged in constitutionally protected speech, (2) that the 'defendant's retaliatory conduct adversely affected the protected speech,' and (3) and that the retaliatory action caused the adverse effect on plaintiff's speech." *Turner v. Williams*, 65 F.4th 564, 579 (11th Cir. 2023).  When a plaintiff's First Amendment retaliation claim is premised on his or her arrest, the plaintiff "must plead and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019).  Probable cause will generally defeat a retaliatory arrest claim.  *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1296-97 (11th Cir. 2019).

As an initial matter, it is doubtful whether Plaintiff's refusal to provide his identification can be considered constitutionally protected speech.  Plaintiff cites to *Wooley v. Maynard* to support his argument that he "engaged in constitutionally protected speech when he refused to provide his identification and answer [Defendant's] questions[.]"  But *Wooley* (and the cases cited within) stand for the proposition that the Constitution guarantees a citizen's right to refrain from "speaking" when

the government attempts to cause the citizen to promote certain "religious, political, and ideological" concepts. 430 U.S. 705, 714 (1977). In *Wooley*, the court held a state could not constitutionally enforce sanctions against an individual who covered a motto appearing on the state's license plate because the motto ran against the individual's religious beliefs. *Id.* at 706-07. That is unlike Plaintiff's refusal to speak here; Plaintiff refused to answer Defendant's questions when Defendant was attempting to issue a citation to Plaintiff. Defendant represents that he is "not aware of any binding case authority . . . holding that a citizen's refusal to provide full identification . . . is constitutionally protected speech[.]" (Dkt. 14-1 at 20.) The Court is similarly unaware of any such case law and finds Plaintiff fails to meet the first prong of a First Amendment retaliation claim.

Even assuming Plaintiff's claims could establish the three elements of a First Amendment retaliatory arrest claim, the Court has already found there was probable cause for Plaintiff's arrest—thus barring any retaliation claim. Plaintiff disputes this, citing *Nieves* for the proposition that a retaliatory arrest claim may go forward even when probable cause for an arrest exists if a "plaintiff presents objective evidence that he [or

she] was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 587 U.S. at 407. The purpose of this exception is to allow an individual to allege retaliation by isolating an individual's protected activity as the motivating factor in an officer's decision to arrest that individual. In other words, a plaintiff's allegations that an officer had not arrested others who did something for which they could have been arrested but then arrested the plaintiff for doing the same thing while also engaging in protected activity plausibly alleges the officer was motivated by the protected activity. Plaintiff contends "he was treated differently than others who engaged in the same or similar act in that he was arrested while others were not" because the "Cherokee Marshal's officers have made zero arrests . . . for alleged violations of the County's Property Maintenance ordinances at a person's home." (Dkt. 22 at 18-19.) Plaintiff's argument ignores the fact that he was arrested for obstruction—not for violating a zoning ordinance. So this is a false comparison. Plaintiff fails to allege Defendant did not arrest others who obstructed an investigation of a zoning ordinance and thus has not alleged plausibly he was treated differently than similarly situated

individuals who did not engage in the protected activity. He cannot take advantage of the narrow exception highlighted in *Nieves*, and the Court dismisses Plaintiff's First Amendment claim for retaliatory arrest.

### C.    False Imprisonment and Attorneys' Fees

A court may decline to exercise supplemental jurisdiction over a plaintiff's state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When a balance of "the values of judicial economy, convenience, fairness, and comity" indicate that a case properly belongs in state court and "only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Because the Court dismisses all of Plaintiff's claims over which the Court has original jurisdiction, the Court declines to exercise jurisdiction over Plaintiff's state law claim for false imprisonment and attorneys' fees.

## IV.  Conclusion

The Court **GRANTS** Defendant's Motion to Dismiss (Dkt. 14), **DISMISSES** Plaintiff's claims, and **DIRECTS** the Clerk to close this case.

**SO ORDERED** this 16th day of January, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE